```
             UNITED STATES DISTRICT COURT
              DISTRICT OF MASSACHUSETTS

COSTANTINE M. LOTSMAN,          )
          Plaintiff,            )
                                ) C.A. No. 04-11827-PBS
     v.                         )
                                )
TRUSTEES OF BOSTON COLLEGE      )
CORPORATION, et al.,            )
          Defendants.           )
```

## MEMORANDUM

For the reasons stated below, plaintiff's Title VI claim survives summary dismissal pursuant to 28 U.S.C. § 1915(e)(2) and plaintiff is directed to demonstrate good cause why his claims pursuant to 31 U.S.C. §§ 3729-3730; 18 U.S.C. §§ 241, 245, 371, 641 and 1031 should not be dismissed.

## FACTS

Pro se plaintiff Constantine Lotsman brings this action against Boston College ("BC") and several of its employees as well as the Archdiocese of Boston alleging discrimination under Title VI and various federal criminal statutes. See Complaint ("Compl."), generally.

Plaintiff's complaint consists primarily of numerous tables and quotes and provides little in the way of factual background. Sometime in 2001, plaintiff applied for admission to a BC graduate program. Plaintiff complains that on July 8, 2001, he was asked to provide to BC a copy of his 1991 GMAT Score Report despite the fact that BC's rules state only GMAT

scores from 1996 through 2001 are valid.  See Compl., ¶¶ 13-14.  Plaintiff alleges that on August 22, 2001, his admission application was denied "on the basis of Plaintiff's origin, namely that Plaintiff is not an Irish Catholic."  Id. at ¶ 6.

Plaintiff alleges that the "system of federal financing of Boston College constitutes an unconstitutional subsidy to [the] Roman Catholic Church and unlawful redistribution of wealth from non-Catholics to Catholics."  Id. at ¶ 7.  Plaintiff further alleges that "Boston College unlawfully favors applications from Catholic (or Irish Catholic) candidates . . ."  Id. at ¶ 8.  Plaintiff seeks an unspecified amount of damages.  Id. at ¶ 42 (Demand).

## ANALYSIS

I. The Court May Screen The Complaint

Because plaintiff seeks to file this complaint without prepayment of the filing fee, a summons has not issued in order to allow the Court to review plaintiff's complaint to determine if it satisfies the requirements of the federal in forma pauperis statute.  See 28 U.S.C. § 1915.  Section 1915 of title 28 authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees if the action lacks an arguable basis either in law or in fact, Neitzke v. Williams, 490 U.S. 319, 325 (1989), or if the

action fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2).  In forma pauperis complaints may be dismissed sua sponte and without notice under Section 1915 if the claim is based on an indisputably meritless legal theory or factual allegations that are clearly baseless.  Id.; Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

> II.  Plaintiff's Claim Under the False Claims Act
>      Fails Rule 9(b)'s Particularity Requirement

Plaintiff's claims under the False Claims Act ("FCA") fails to meet the particularity requirements of Rule 9(b). Fed. R. Civ. P. 9(b).  The FCA encourages private parties to help fight fraud on the United States by giving them the power to bring civil actions in its name, and by providing both the government and the private party--known as the "relator"--a share of any financial recovery and reimbursement for their costs, including attorneys' fees.  31 U.S.C. §§ 3729-3730.

Under the FCA, the relator may bring a qui tam civil action "in the name of the [Federal] Government," 31 U.S.C. § 3730(b)(1), against "[a]ny person" who, inter alia, "knowingly presents, or causes to be presented, to an officer or employee of the United States Government ... a false or fraudulent

claim for payment or approval," 31 U.S.C. § 3729(a). <u>See</u> <u>Vermont Agency of Natural Resources v. U.S. ex rel. Stevens</u>, 529 U.S. 765, 768, 120 S.Ct. 1858, 1860 (2000).

Where fraud is alleged, Fed. R. Civ. P. 9(b) requires "the circumstances constituting fraud ... shall be stated with particularity." Claims brought under the FCA must satisfy the requirements of Rule 9(b), setting forth the "who, what, when, where, and how" of the alleged fraud. <u>See</u> <u>United States ex rel. Thompson v. Columbia/HCA Healthcare Corp.</u>, 125 F.3d 899, 903 (5th Cir. 1997) (citations omitted); <u>U.S. ex rel. Walsh v. Eastman Kodak Co.</u>, 98 F. Supp.2d 141, 147 (D. Mass. 2000).

Plaintiff's complaint consists of conclusory allegations and fails to allege its claims with particularity. Specifically, the complaint does not identify or describe the time, place and content of the alleged false misrepresentations nor does it identify individuals allegedly involved in the fraud. <u>United States ex rel. Joseph v. Cannon</u>, 642 F.2d 1373, 1385-86 (D.C. Cir. 1981). Plaintiff's FCA claim fails Rule 9(b)'s particularity requirement and consequently plaintiff has failed to state an actionable FCA claim. The Clerk will not be directed to file this action under seal nor issue summons for service of the United States.

III.    Plaintiff, as a Private Citizen,

>   Does Not Have Standing To Bring a
>   <u>Criminal Action Absent Specific Statutory Authority</u>

Plaintiff seeks to bring this action pursuant to the following federal criminal statutes: 18 U.S.C. § 241 (conspiracy against rights); 18 U.S.C. § 245 (federally protected activity); 18 U.S.C. § 371 (conspiracy to defraud the United States); 18 U.S.C. § 641 (public money, property or records); 18 U.S.C. § 1031 (major fraud against the United States). However, none of these statues provide plaintiff with the authority to prosecute federal crimes.

Federal courts do not have jurisdiction over cases prosecuted in the name of the United States unless they are prosecuted by the United States Attorney. Section 547 of title 28 states that "<u>Except as otherwise provided by law</u>, each United States attorney, within his district, shall (1) prosecute <u>all</u> offenses against the United States." 28 U.S.C. § 547(1) (emphasis added). Plaintiff does not have standing to bring a criminal action because no statute authorizes him to do so. <u>Kennan v. McGrath</u>, 328 F.2d 610, 611 (1st cir. 1964) (per curiam); <u>accord</u> <u>Cok v. Costentino</u>, 876 F.2d 1, 2 (1st Cir. 1989) (per curiam)(stating that only the United States as prosecutor can bring a complaint under 18 U.S.C. §§ 241-242); <u>Stone v. Warfield</u>, 184 F.R.D. 553, 555 (D. Md. 1999) (stating that individual citizens have no private right of action to institute federal criminal prosecutions); <u>Milburn v. Blackfrica Promotions,</u>

Inc., 392 F. Supp. 434, 435 (S.D.N.Y. 1974) (prosecution of mail fraud and conspiracy to commit mail fraud entrusted solely to the federal government); United States v. Panza, 381 F. Supp. 1133, 1138 (W.D. Pa. 1974) ("[T]he prosecution of criminal actions in the federal courts is a matter solely within the discretion of the Attorney General of the United States and duly authorized United States Attorneys."); In re Trustee in Bankruptcy, 173 B.R. 341, 342 (N.D. Ohio 1994) ("Neither a private person nor an attorney acting on behalf of a party to litigation ...has authority or responsibility for investigating and prosecuting alleged violations of federal criminal law."); cf. 28 U.S.C. § 516 (conduct of litigation in which the United States is a party is reserved to officers of the Department of Justice, under the direction of the Attorney General).

    IV.  Plaintiff's Claim Under Title VI

Title VI of the Civil Rights Act of 1964 provides that "[n]o person ... shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance."  42 U.S.C. § 2000d.  This statute is enforceable by an implied private right of action in favor of injured individuals, but only with respect to intentional discrimination. See Alexander v. Sandoval, 532 U.S. 275, 121 S.Ct. 1511, 149 L.Ed.2d 517 (2001).

The Court concludes that the claim for relief under Title VI, 42 U.S.C. § 2000d, survives summary dismissal pursuant to 28 U.S.C. 1915(e)(2).

## CONCLUSION

ACCORDINGLY, plaintiff's Title VI claim survives summary dismissal and plaintiff's remaining claims under 31 U.S.C. §§ 3729-3730; 18 U.S.C. §§ 241, 245, 371, 641 and 1031 are subject to dismissal without further notice under 28 U.S.C. § 1915(e)(2) within thirty-five (35) days of the date of the accompanying Order unless before that time plaintiff demonstrates good cause why they should not be dismissed for the reasons stated above.

SO ORDERED.

Dated at Boston, Massachusetts, this <u>24</u> day of <u>December</u>, 2004.

/s/ Patti B. Saris
PATTI B. SARIS
UNITED STATES DISTRICT JUDGE